Wheeler, C. J.
—We are of opinion that the court did not err in sustaining the demurrer. The plaintiff seeks to set aside his deed, on the ground of mistake or ignorance of law and fact. But the facts, of which he avers his ignorance, were such as ought to have been peculiarly within his own knowledge. If he were ignorant of them, he has shown no other cause to which his ignorance can be imputed than his own improvidence or inattention to the state of his own affairs. Ro such ignorance or mistake of fact or law is shown, it is believed, as has been considered a ground for affording equitable relief. The plaintiff may have acted very indiscreetly and improvidently in making the disposition of his property against which he now seeks to be relieved; but it appears to be a case of improvidence simply, which, in itself, is not a ground for relief in equity.
Ror do we think 'the plaintiff entitled to the alternate relief he seeks, of having the property sold by the decree of the court for the payment of debts or the maintenance *56 and education of Ms cMldren. If tMs be necessary, recourse should be had to the Probate Court, to which the cognizance of that subject properly belongs, and which has the power to appoint a guardian for the children and order the sale of their property, if necessary. It is not perceived that the case is attended by any of the circumstances which have been held to authorize the District Court to take cognizance of cases within the general grant of power and jurisdiction of the Probate Court.
It appears to have been the intention of the plaintiff to vest in his children the title and beneficial interest in the property. There is, therefore, no resulting trust in his favor. It is not a proceeding on behalf of-creditors to. obtain satisfaction of their demands, for which the property may be liable. But it is a proceeding to avoid the plaintiff’s own voluntary conveyance, 'because improvidently made; or to obtain a sale of the property of his children, by order of the District Court, to -pay debts and provide for their support and maintenance. We are of opinion that such a proceeding cannot be maintained for either of the purposes proposed; and that the' demurrer was rightly sustained. The judgment is, therefore,
Affirmed.